Jerome Howe, Garnishee, v. Forrest B. Meikle, for use, etc.

1. GARNISHMENT—*Amount of the Conditional Judgment Can Not be Increased.*—Under the provisions of Section 8, Chapter 62, of Revised Statutes, a court having entered a conditional judgment for a certain amount, can not, at a later day, render judgment for a greater sum than the amount of such conditional judgment.

Garnishment.—Error to the Circuit Court of Marshall County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

BARNES & MAGOON, attorneys for plaintiff in error.

JOHN H. JACKSON and McDOUGALL & CHAPMAN, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It appears from the record in this cause, that on the first day of May, 1900, there was filed in the Circuit Court of Marshall County an affidavit setting forth that Moses Wachtell and Louis Weihl, at the January term of said court, in the year 1896, recovered a judgment against one Forrest B. Meikel for $472.73; that execution had been issued thereon and returned "no property found;" that Meikel had no property in his possession to the knowledge of said Wachtell and Weibl, and that the affiant had reason to believe that Jerome Howe was indebted to said Meikel. Thereupon and summons reciting the recovery of

said judgment as aforesaid, was issued against the said
Jerome Howe, which was duly served on him on the 2d
day of May, 1900. On May 5, 1900, interrogatories to be
answered by said Howe were filed, and thereafter on the
26th day of May, upon the application of the plaintiffs
Wachtell and Weihl, the statement as to the amount of said
judgment was changed to the sum of $472.33, and a new
affidavit for garnishee process was filed, reciting the
amount of said judgment in accordance with said judgment
at $472.33. On the 31st day of May, 1900, a conditional
judgment was rendered in said proceeding against the said
Jerome Howe for the sum of $574.64 upon which a *scire
facias* was issued, directed to the said Jerome Howe, recit-
ing the recovery of a judgment in said court at the Jan-
uary term, 1896, against the said Forrest B. Meikel for
$472.33, and that conditional judgment for said amount had
been rendered against the said Jerome Howe as garnishee
of said Forrest B. Meikel, and "this writ of *scire facias*"
ordered to be issued, which writ was served upon the said
Howe upon the 28th day of July, 1900. On the 15th day of
October, 1900, in said court, said cause coming on for
proceeding upon the conditional judgment thereinbefore
rendered, and neither party showing cause why said con-
ditional judgment should not be made final, judgment was
rendered in behalf of the plaintiff, Forrest B. Meikel, for the
use of Wachtell and Weihl, against the said Jerome Howe,
for the sum of $575.64, amount of conditional judgment
aforesaid, for the use aforesaid, together with his costs and
charges in this behalf expended," and it was further ordered
that execution issue therefor.

Section 8 of chapter 62 of the revised statutes, after pro-
viding for the entry of a conditional judgment against a
garnishee for the amount of the plaintiff's demand or judg-
ment against the original defendant, declares that there-
upon a *scire facias* shall issue against such garnishee,
commanding such garnishee to show cause why such
judgment should not be made final, and providing further
that if such garnishee, being served with process or notified

as required by law, shall fail to appear and make discovery in the manner aforesaid, the court shall confirm such judgment to the amount of the judgment against the original defendant, and award execution for the same, and costs.

Clearly, under this provision, the court, upon a conditional judgment for $472.33 rendered on the 10th day of September, 1900, and a *scire facias* thereupon issued commanding the garnishee to show cause why final judgment should not be entered, could not, on the 15th day of October, 1900, render judgment against the said Howe for $575.64 as the amount of said conditional judgment. The judgment is reversed and cause remanded.